**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ALAEDDIN TURAN,                                          **23-cv-00007**

        Plaintiff,                                    **COMPLAINT**

   -against-

ELITE GROUP ISLIP, INC, MEHER ASIM
KHAN, and UZMA RAHMAN,

        Defendants.
-------------------------------------------------------------X

Plaintiff, ALAEDDIN TURAN ("Plaintiff"), as and for his Complaint against Defendants, ELITE GROUP ISLIP, INC ("Elite Group"), MEHER ASIM KHAN ("Khan"), and UZMA RAHMAN ("Rahman") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.      Upon information and belief, Elite Group owns and operates a Valero gas station and Food Mart convenience store in Islip, New York that sells gasoline, food, and other products to the public.

2.      Plaintiff worked for Defendants as a clerk.

3.      Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to his employment with Defendants.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

5.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Plaintiff Alaeddin Turan

8.      Plaintiff is a resident of the State of New York.

9.      Defendants employed Plaintiff as a clerk for their benefit and at their direction.

10.     Defendants employed Plaintiff from on or about December 13, 2021 until on or about June 13, 2022.

11.     At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

### Defendant Elite Group Islip, Inc

12.     Upon information and belief, Elite Group is a domestic business corporation duly organized and existing under the laws of the State of New York.

13.     Upon information and belief, Elite Group maintains a principal place of business at 226 Islip Avenue, Islip, New York 11751.

14.     Upon information and belief, Elite Group owns and operates the Valero gas station and Food Mart located at 226 Islip Avenue, Islip, New York 11751.

15.     At all times relevant to this Complaint, Elite Group had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

2

16.     At all times relevant to this Complaint, Elite Group had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

17.     At all times relevant to this Complaint, Elite Group had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

18.     At all times relevant to this Complaint, Elite Group was a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, employed Plaintiff.

19.     During Plaintiff's employment, Elite Group maintained control, oversight, and direction over him, including timekeeping, payroll, and other employment practices.

**Defendants Meher Asim Khan and Uzma Rahman**

20.     Upon information and belief, Khan is a resident of the State of New York.

21.     Upon information and belief, Rahman is a resident of the State of New York.

22.     At all relevant times, Khan and Rahman were individuals engaging in business within this judicial district.

23.     Upon information and belief, Khan and Rahman were and continue to be owners, officers, directors, shareholders, and/or managing agents of Elite Group.

24.     Upon information and belief, at all relevant times, Khan and Rahman ran the daily operations of Elite Group.

25.     Upon information and belief, at all relevant times, Khan and Rahman participated in the management and supervision of Plaintiff and his work for Elite Group.

26.     Upon information and belief, at all relevant times, Khan and Rahman exercised operational control over Elite Group, controlled significant business functions of Elite Group, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of

Elite Group in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

27.     Upon information and belief, Khan and Rahman determined the wages and compensation of Elite Group's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

28.     At all times relevant to this Complaint, Khan and Rahman were employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

29.     Khan and Rahman participated in the decision to hire Plaintiff.

30.     Khan and Rahman participated in deciding the job duties that Plaintiff performed.

31.     Khan and Rahman participated in directing Plaintiff's job duties and responsibilities.

32.     Khan and Rahman participated in the supervision of Plaintiff's job duties and responsibilities.

33.     Khan and Rahman participated in deciding the manner in which Plaintiff was paid.

34.     Khan and Rahman participated in deciding the compensation Plaintiff was paid.

35.     Khan and Rahman were responsible for ensuring Plaintiff was paid properly.

**Defendants Constitute Joint Employers**

36.     Khan and Rahman own, operate, and/or control Elite Group.

37.     Khan and Rahman possess operational control over Elite Group, possess an ownership interest in Elite Group, and control significant functions of Elite Group.

38.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

39.     Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

40.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

41.     Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Factual Allegations Pertaining Specifically to Plaintiff's Wage and Hour Claims**

42.     Plaintiff was an employee of Defendants.

43.     Plaintiff worked as a clerk.

44.     Plaintiff's job duties included operating the cash register and pumping gas.

45.     Defendants did not require Plaintiff to punch in or out of his daily shifts and did not require him to track his hours worked in any other way.

46.     Throughout his employment, Plaintiff worked seven (7) days per week as follows: Monday through Friday from about 12:00 p.m. until about 10:00 p.m. and Saturday and Sunday from about 7:00 a.m. until about 9:00 p.m., for a total of approximately seventy-eight (78) hours a week.

47.     Throughout his employment, Plaintiff was paid thirteen dollars ($13.00) per hour.

48.     Defendants did not pay Plaintiff the statutory minimum wage rate for all hours worked.

49.     Throughout his employment, Plaintiff was paid straight-time only for all hours worked.

50.     Defendants did not pay Plaintiff an overtime premium for any of the hours he worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

51.     Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

52.     Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

53.     Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

54.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

55.     Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid overtime compensation, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

56.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

57.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

58.     Defendants are subject to the overtime pay requirements of the FLSA because Elite Group is an enterprise engaged in commerce or engaged in the production of goods for commerce.

6

59.     At all times relevant to this Complaint, Elite Group had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

60.     Upon information and belief, the gross annual volume of sales made or business done by Elite Group in each applicable year was not less than $500,000.00.

61.     Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

62.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

63.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

64.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

65.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66.     However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

67.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

68.     Defendants did not act in good faith with respect to the conduct alleged herein.

69.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY OVERTIME

70.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

71.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

73.     By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

74.     Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

75.     Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

76.     Defendants have not acted in good faith with respect to the conduct alleged herein.

77.     As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

78.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79.     By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

80.     Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

81.     As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

82.     As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

83.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

84.     Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; the telephone number of the employer; and the regular hourly

rates of pay and overtime rates of pay.

85.     Through their knowing and intentional failure to provide Plaintiff with the wage

notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the

supporting Regulations.

86.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover

statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT V**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

87.     Plaintiff reasserts and realleges the allegations set forth in each of the above

paragraphs as though fully set forth herein.

88.     Defendants willfully failed to provide Plaintiff with accurate written wage

statements each week as required by NYLL § 195(3), which were to include, among other things,

the dates of work covered by each payment of wages; name of employee; name of employer;

address and phone number of employer; rate or rates of pay and basis thereof; deductions; net

wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of

regular hours worked and the number of overtime hours worked.

89.     Through their knowing and intentional failure to provide Plaintiff with wage

statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and

the supporting Regulations.

90.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to

recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following

acts:

1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and minimum wages;

3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B.    Award compensatory damages, including all unpaid wages owed, in an

amount according to proof;

C.    Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D.    Award statutory penalties for Defendants' NYLL Section 195 record

keeping violations;

E.    Award interest on all unpaid wages due accruing from the date such

amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G.      Provide such further relief as the Court deems just and equitable.

Dated:  Massapequa, New York
        January 2, 2023

                                THE NHG LAW GROUP, P.C.


                                _____
                                By: Keith E. Williams, Esq.
                                *Attorneys for the Plaintiff*
                                4242 Merrick Road
                                Massapequa, New York 11758
                                Tel: 516.228.5100
                                keith@nhglaw.com